UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| RYAN HERRINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EFFINGHAM COUNTY SHERIFF'S )<br>OFFICE, and DEPUTY STEVE )<br>BLUNT, )<br>)<br>Defendants. ) | Case No. CV411-099 |

## REPORT AND RECOMMENDATION

On April 20, 2009, plaintiff Ryan Herrington got into an altercation with Terri Ann Jackson, who stabbed him multiple times, puncturing an artery in his arm. Doc. 1 at 2 (complaint). "Various calls were made to 911, including by Jackson." *Id.* ¶ 9. Effingham County, Georgia sheriff deputies, including defendant Steve Blunt, responded, and "began to beat Plaintiff mercilessly." *Id.* at 3 ¶ 13. They "repeatedly told [him] that they hoped he would die as they kicked him while he was on the ground." *Id.* ¶ 14. Despite the fact that Herrington posed no threat, did not resist arrest, and obviously needed medical attention, "the deputies acted with malice and intent to harm when they beat Plaintiff and withheld proper

medical care for over an hour." *Id.* ¶¶ 15-17.

Herrington timely brought[1] this 42 U.S.C. § 1983 action against Blunt and the Effingham County, Georgia Sheriff's department. Doc. 1. He paid this Court's filing fee and thus does not move for leave to proceed *in forma pauperis*. Because he is incarcerated, *id.* at 6, the Court must screen his complaint under 28 U.S.C. § 1915A. In so doing, the Court accepts his allegations as true,[2] *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008); *Walker v. Grable*, 2011 WL 135703 at * 1 (11th Cir. Jan.

---

1  In Georgia, a § 1983 action is barred if not commenced within two years after the cause of action accrues. *Walker v. United States*, 196 F. App'x 774, 776 (11th Cir. 2006) (citing *Mullinax v. McElhenney*, 817 F.2d 711, 716 n.2 (11th Cir. 1987)); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two- year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). The complained of incident here took place on April 20, 2009; plaintiff filed his case on April 19, 2011 -- just in time.

2  The Court also applies these standards:

> In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282–84 (11th Cir.2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); *see also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

*Ferrell v. Doe*, 2011 WL 1262266 at * 1 (N.D. Ga. Mar. 31, 2011).

2

18, 2011), and concludes that he states an excessive-force claim against deputy Blunt. *See, e.g., Council v. Sutton*, 366 F. App'x 31, 36-37 (11th Cir. 2010) (county sheriff's deputies were not entitled to qualified immunity for their alleged conduct of using taser and shotgun with beanbag rounds to subdue county jail detainee in his cell when detainee was allegedly already on his knees with his hands in the air, in detainee's § 1983 excessive force claim; such alleged conduct violated detainee's clearly established Fourteenth Amendment right to be free from gratuitous force after he was subdued).

However, he cannot sue the sheriff's department because it is not capable of being sued. *Dean v. Barber*, 951 F. 1210, 1214–15 (11th Cir.1992) (finding that a sheriff's department was not a legal entity capable of suit); *Bracewell v. Patrick*, 2011 WL 1431521 at * 2 (M.D. Ala. Apr. 14, 2011); *see also Williams v. Zanders*, 2011 WL 829377 at * 1 n. 3 (S.D. Ga. Jan. 31, 2011) (police department not capable of being sued); *Lord v. Richmond County Jail*, 2011 WL 666264 at * 2 n. 4 (S.D. Ga. Jan 20, 2011); Fed. R. Civ. P. 17(b)(3). Accordingly, that claim must be **DISMISSED WITH PREJUDICE**, while his remaining claims may

proceed. The Clerk shall therefore **AMEND** the caption of this case to reflect this result (hence, delete the "Effingham County Sheriff's Office" from it), and all subsequent filings shall conform.

**SO REPORTED AND RECOMMENDED** this _21st_ day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA